Lundberg Stratton, J.,
dissenting.
{¶ 15} I respectfully dissent. In order to insure a third party, the omnibus clause requires that the policyholder own, hire, or borrow a covered “auto.” Both courts below agreed that reasonable minds could not differ in concluding that Bluffton did not “hire” the Executive Coach bus. I agree.
{¶ 16} The omnibus clause of the Hartford policy does not apply to the facts of this case, because Bluffton did not “hire” a bus or give “permission” to Jerome Niemeyer to drive. Instead, as the trial court found, the evidence demonstrates that Bluffton contracted with Executive Coach for transportation services — and a bus and driver were incidental to the contract. Executive Coach chose a bus to provide Bluffton with transportation, and Executive Coach hired Niemeyer to drive. Although Executive Coach worked to accommodate the requests of its client, ultimately, Executive Coach was responsible for assigning a bus and a driver to provide transportation services to Bluffton. Thus, Niemeyer was not an insured under the omnibus clause.
*336 {¶ 17} As the trial court concluded: “Bluffton University’s use of the motor coach and any authority Bluffton had over the motor coach driver was always subject to the permission Executive Coach gave its driver and its customer Bluffton University to use the motor coach.” Additionally, the court found that Bluffton could not use the bus in any manner that Executive Coach did not allow.
{¶ 18} The majority’s narrow interpretation expands the scope of coverage beyond what the parties to the insurance policy intended. Although the majority considers the parties’ intent immaterial, the “fundamental goal in insurance policy interpretation is to ascertain the intent of the parties from a reading of the contract in its entirety, and to settle upon a reasonable interpretation of any disputed terms in a manner calculated to give the agreement its intended effect.” Burris v. Grange Mut. Cos. (1989), 46 Ohio St.3d 84, 89, 545 N.E.2d 83. We have held that provisions in an insurance contract that are reasonably susceptible of more than one interpretation will be construed liberally in favor of the insured. King v. Nationwide Ins. Co. (1988), 35 Ohio St.3d 208, 519 N.E.2d 1380, syllabus. See also Westfield Ins. Co. v. Galatis, 100 Ohio St.3d 216, 2003-Ohio-5849, 797 N.E.2d 1256, ¶ 13. But this “ ‘rule will not be applied so as to provide an unreasonable interpretation of the words of the policy.’ ” Id. at ¶ 14, quoting Morfoot v. Stake (1963), 174 Ohio St. 506, 23 O.O.2d 144, 190 N.E.2d 573, paragraph one of the syllabus.
{¶ 19} Today’s opinion unreasonably extends coverage to a third party and effectively opens the door for similar claims under other scenarios because the omnibus clause is standard in many insurance policies. For example, in its brief, appellee American Alternative Insurance Corporation applies the majority’s interpretation to the following scenarios: An attorney hails a taxi and asks the driver to drive her to the airport. On the way, the driver loses control of the taxi and negligently causes an accident that injures numerous people. Or a bride and groom climb into a waiting limousine to get to their reception. The chauffer falls asleep at the wheel and causes an accident. Finally, a church contracts with a bus company to transport its members to a social event. The bus driver causes an accident on the way.
{¶ 20} Based on the majority’s interpretation of the omnibus clause, the taxi company, limousine company, bus company, and their drivers could rely on the customer’s liability insurance to supplement their own coverage because there is little to distinguish these examples from the facts in this case. But the drivers in these situations are not intended to be insured under the omnibus clause of a customer’s liability policy.
{¶ 21} I believe that the trial court properly interpreted the omnibus clause in the Hartford policy and concluded that Niemeyer was not an insured at the time of the accident: “Bluffton had contracted with Executive Coach for services and *337 the bus was only incident to said contract. Bluffton therefore hired Executive Coach to provide charter service.” Therefore, “Bluffton College could not be found to have owned, hired, or borrowed the vehicle at the time of the accident.”
Gallagher Sharp, D. John Travis, and Gary L. Nicholson, for appellee Federal Insurance Company.
Crabbe, Brown & James, Steven B. Ayers, and Robert C. Buchbinder; and Bates & Carey, L.L.P., and Daniel I. Graham Jr., for appellee American Alternative Insurance Corporation.
Cubbon & Associates Co., L.P.A., and James E. Yavorcik, for appellant Timothy E. Berta.
Connelly, Jackson & Collier, L.L.P., Steven R. Smith, Steven P. Collier, Janine T. Avila, and Adam S. Nightingale, for appellant Feroen J. Betts.
Transportation Injury Law Group, P.L.L.C., and Douglas Desjardins, for appellant Geneva Williams.
Dyer, Garofalo, Mann & Schultz and John Smalley, for appellants Kim Askins and Jeffrey E. Holp.
Robison, Curphey & O’Connell and David W. Stuckey, for appellant Caroline Arend.
{¶ 22} Consequently, I respectfully dissent and would affirm the judgment of the court of appeals.
O’Donnell, J., concurs in the foregoing opinion.